# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD ALEX STEVENSON,
#81847,

    *Plaintiff*,

vs.

CHURCHILL COUNTY, *et al.*

    *Defendants*.

3:14-cv-00137-RCJ-WGC

SCREENING ORDER

    This *pro se* prisoner civil rights action by a Nevada state inmate comes before the Court for initial review under 28 U.S.C. § 1915A as well as on plaintiff's application (#1) to proceed *in forma pauperis*. The Court finds that plaintiff is unable to pay a substantial initial partial filing fee, and the pauper application therefore will be granted subject to the remaining provisions of this order.

    Turning to initial review, when a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions

unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff Ronald Alex Stevenson seeks "pre-enforcement" declaratory relief as against Churchill County and Churchill County District Attorney Arthur E. Mallory. Plaintiff challenges purportedly the future enforcement of N.R.S. 200.710,[1] which prohibits

---

[1]**200.710. Unlawful to use minor in producing pornography or as subject of sexual portrayal in performance**

1. A person who knowingly uses, encourages, entices or permits a minor to simulate or engage in or assist others to simulate or engage in sexual conduct to produce a performance is guilty of a category A felony and shall be punished as provided in NRS 200.750.

(continued...)

using a minor in producing pornography or as the subject of a sexual portrayal in a performance. Plaintiff currently is held at Lovelock Correctional Center, which is in Pershing County, Nevada.

Plaintiff acknowledges in the complaint that he currently stands convicted of violating N.R.S. 200.710(2), after being convicted on June 30, 2004, in Churchill County in No. CR-29440. Plaintiff alleges that his "subjects" were 16 years old.

Plaintiff alleges that the state supreme court's construction of "minor" under N.R.S. 200.710 as an individual under 18 years of age is overbroad and violates his alleged First Amendment right to produce sexual portrayals of 16 and 17 year olds. He further alleges that N.R.S. 200.710 "fundamentally conflicts" with N.R.S. 200.730, which prohibits using the internet to view actual or simulated sexual conduct depicting persons only "under the age of 16." He seeks a declaration allowing him to produce without violating N.R.S. 200.710 depictions that he allegedly can use the internet to view without violating N.R.S. 200.730, *i.e.*, depictions of 16 and 17 year olds engaging in sex.

Stevenson alleges that "[a]fter incarceration, Plaintiff expressly intends to move back to Churchill County and produce sexual portrayals of consenting individuals 16 years of age and older as a non-commercial hobby <u>if</u> it is not illegal under NRS 200.710(2)." #1-1, at 4-B (at electronic docketing page 6)(emphasis in original).

At the outset, plaintiff lacks standing to pursue the claims presented, as it is conjectural at this point at the very least as to when plaintiff in fact will be back in Churchill County to pursue his purported hobby. In order to establish the standing required for a justiciable case or controversy, a plaintiff must establish, *inter alia*, that he has sustained an injury in fact. To do so, he must establish the invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent rather than conjectural or hypothetical. *E.g., Lujan*

---

[1](...continued)
2. A person who knowingly uses, encourages, entices, coerces or permits a minor to be the subject of a sexual portrayal in a performance is guilty of a category A felony and shall be punished as provided in NRS 200.750, regardless of whether the minor is aware that the sexual portrayal is part of a performance.

*v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff's assertion that he "expressly intends" to move back to Churchill County and produce pornography with 16 and 17 year olds "after incarceration" presents a conjectural rather than an actual or imminent injury. Such allegations that a plaintiff intends to return to an area "some day" or "in the future" and anticipates being involved in a controversy at that time fail to establish actual or imminent injury. *See, e.g., Summers v. Earth Island Institute*, 555 U.S. 488, 495-96 (2009)(plaintiff had visited many National Forests and planned to visit several unnamed National Forests in the future); *Lujan*, 504 U.S. at 563-64 (plaintiffs intended, at some indeterminate time, to return to countries that they had visited before and they allegedly then would be unable to observe endangered species). As the Supreme Court stated in *Lujan*: "Such 'some day' intentions – without any description of concrete plans, or indeed any specification of *when* the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require." 504 U.S. at 564 (emphasis in original).

Plaintiff presents an even more attenuated and conjectural circumstance given that he could not reside in and pursue his purported hobby in Churchill County at present even if he *arguendo* wanted to do so immediately. Even if plaintiff *arguendo* were serving a final consecutive sentence, there is no guarantee either that he will be paroled outside prison walls before the expiration of his sentence and/or that he first will accrue and then retain all possible sentence credits that he theoretically might accrue in the interim.[2] Nor can plaintiff pursue his purported hobby in the interim. *Inter alia*, there are no minors where he currently resides.

Plaintiff thus clearly lacks standing to pursue his purported "pre-enforcement challenge" to N.R.S. 200.710.

Moreover, even if plaintiff could establish standing for a purported pre-enforcement challenge, it is evident that his claims in all events are not cognizable in a federal civil rights action while he stands convicted of violating the very same statute on allegedly the same

---

[2]The Court discusses the particulars of plaintiff's sentencing structure, *infra*, with regard to the futility of amendment.

factual basis. When a § 1983 plaintiff presents claims that necessarily challenge the continuing validity of his confinement, then his claims are not cognizable in a civil rights action no matter the relief sought or the target of the claims, so long as the claims necessarily imply the invalidity of his confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005); *Heck v. Humphrey*, 512 U.S. 477 (1994). A § 1983 plaintiff presenting claims that necessarily imply the invalidity of his conviction first must establish that the conviction has been declared invalid by a state tribunal authorized to make such a determination, expunged by executive order, or called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87.

In this regard, under *Iqbal*, the Court is not required to accept at face value plaintiff's legal conclusion that he is raising only a "pre-enforcement challenge" that does not necessarily imply the invalidity of his current conviction. Obviously, under the allegations presented, a declaratory judgment – even a "prospective" one – that N.R.S. 200.710 does not or cannot constitutionally prohibit use of 16 or 17 year olds in pornography necessarily would imply the invalidity of petitioner's current conviction.[3] Plaintiff may not avoid the *Heck* bar simply by superficially couching in future or prospective terms a claim that nonetheless necessarily implies the invalidity of his current confinement. *See, e.g., Edwards v. Balisok*, 520 U.S. 641, 645-47 (1997)(key inquiry was not superficially whether the claims challenged only the procedures used but instead was whether the challenge, regardless of the relief sought, necessarily implied the invalidity of the plaintiff's current confinement). While a prayer for prospective *injunctive* relief *ordinarily* will not necessarily imply the invalidity of current confinement, the simple expedient of framing a challenge that necessarily implies the invalidity of a current conviction instead as a request for prospective relief does not override what the claim necessarily implies. *See* 520 U.S. at 648-69. This conclusion follows with even greater force as to a request for purportedly "prospective" declaratory relief in such a circumstance. *See id.* (finding claims for declaratory relief *Heck*-barred).

---

[3]Plaintiff litigated – and lost – a substantially similar issue on direct appeal from his conviction, in No. 43706 in the Supreme Court of Nevada.

The Court therefore will dismiss the complaint for failure to state a claim upon which relief may be granted.  Plaintiff does not have standing in the first instance to pursue his "pre-enforcement challenge," and, even if he did, his claims clearly are *Heck*-barred as they necessarily imply the invalidity of his current conviction.

The Court finds that delaying final dismissal for leave to amend would be futile in the context presented.  First, plaintiff will not be able to establish the actual and imminent injury required for standing for an indeterminate period of time of several years in duration.  In this regard, the Court takes judicial notice of plaintiff's habeas matters[4] in this District challenging the same conviction and of the state supreme court's online docket records.  Plaintiff was sentenced to, *inter alia*, three consecutive 60 to 155 month sentences.  Even if plaintiff was paroled on each sentence at the earliest possible juncture and he further both accrued and retained all possible sentence credits, his earliest possible release date would not be until June 2019.  With no release possible for another approximately five years, plaintiff clearly can present no actual and imminent injury in an amended complaint.  Second, this action in all events clearly is *Heck*-barred.  Plaintiff's effort to recast claims that inherently imply the invalidity of his current conviction as a "pre-enforcement challenge" is specious.

IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis* is GRANTED, subject to the remaining provisions herein.  Even if this action is dismissed, the full $350.00 filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to a conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that

---

[4]No. 3:06-cv-00571-BES-VPC; No. 3:14-cv-00160-MMD-VPC.

the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action. The clerk shall SEND a copy of this order to the finance division of the clerk's office. **The Clerk shall also SEND a copy of this order addressed to the Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

IT FURTHER IS ORDERED that this action shall be DISMISSED without prejudice. This dismissal shall count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk of Court shall enter final judgment accordingly, dismissing this action without prejudice.

DATED:   May 28, 2014

_____
ROBERT C. JONES
United States District Judge