UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RONALD ALEX STEVENSON,

    Plaintiff,

vs.

CHURCHILL, COUNTY OF, *et al.*,

    Defendants.

Case No. 3:14-cv-00137-RCJ-WGC

**ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On May 28, 2014, the court issued an order dismissing this action (#4), and judgment was entered (#5). Before the court is plaintiff's motion for district judge to reconsider order (#7).

    Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

    Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the

judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or otherwise vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the order dated May 28, 2014, the court dismissed plaintiff's First Amendment challenge to a Nevada statute for lack of standing and because his claim is barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). In his motion, plaintiff claims that has standing because, at some point that has yet to be determined but at a minimum is several years away, he will be paroled and that he only seeks prospective relief, not to invalidate his conviction (#7). Plaintiff has failed to make an adequate showing under either Rule 60(b) or 59(e) that this court's order dismissing the action should be reversed.

**IT IS THEREFORE ORDERED** that plaintiff's motion for district court to reconsider order (#7) is **DENIED**.

Dated: This 19th day of November, 2014.

_____
UNITED STATES DISTRICT JUDGE